# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERMAINE M. STEWART,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 17−cv–0139−MJR |
| | ) |
| **SUZANN BAILEY,** | ) |
| **JOHN BALDWIN,** | ) |
| **TY BATES,** | ) |
| **JACQUELINE LASHBROOK,** | ) |
| **LARUE LOVE,** | ) |
| **MIKE FISHER, and** | ) |
| **WEXFORD MEDICAL SOURCES,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Jermaine Stewart, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims the defendants conspired to provide him with an inadequate diet and were deliberately indifferent toward his medical problems that arose therefrom. (Doc. 1). Plaintiff sues Suzann Bailey (food service provider), John Baldwin (Director of IDOC), Ty Bates (Deputy Director of IDOC), Jacqueline Lashbrook (prison warden), Mike Fisher (food service manager), Larue Love (assistant warden), and Wexford Medical Sources (contracted medical service provider) for monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

1

> governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff alleges the defendants violated his constitutional rights by serving him a soy-based diet despite known negative health risks. (Doc. 1, pp. 6-8). Plaintiff also claims fresh fruit is served to inmates only once every several months and the breakfasts each day are very small, consisting of "just a few spoonfuls of oatmeal or grits, and an egg or small patty." (Doc. 1, p. 8) Because the last meal of the day is served at 4:00pm, and breakfast "is not a meal at all," Plaintiff alleges inmates suffer 12-18 hours of hunger pangs between supper and lunch each day.

(Doc. 1, p. 8). Plaintiff further asserts Bailey, Baldwin, Bates, Lashbrook, Love, and Fisher acted in conspiracy to maintain a policy of serving this nutritionally inadequate and harmful diet in violation of his rights. *Id.*

Plaintiff contends that since beginning the soy-based diet he has experienced a number of health issues. (Doc. 1, pp. 7-8). Plaintiff's health issues allegedly include severe constipation resulting in blood in his stool, stomach pains, extreme gas, fatigue, a torn anus, depression, and severe headaches. (Doc. 1, p. 7). Plaintiff sought medical attention for his health issues, but one unnamed nurse did not assist him. *Id.* Another unnamed nurse told him he could not get a hormone level check done, claiming "Wexford don't allow us to do that. It's too expensive and it's useless." *Id.* Plaintiff allegedly filed two grievances, in October 2015 and September 2016, at least one of which he sent to the warden. *Id.* Plaintiff provides no detail regarding the substance of these grievances.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

- **Count 1-** Defendants have been deliberately indifferent to Plaintiff's medical needs by failing to treat the symptoms he attributes to his ongoing consumption of soy products, in violation of the Eighth Amendment.

- **Count 2-** Bailey, Baldwin, Bates, Lashbrook, Love, and Fisher violated Plaintiff's Eighth Amendment rights by serving a nutritionally deficient diet consisting of very little fruit and an inadequate breakfast.

- **Count 3-** Bailey, Baldwin, Bates, Lashbrook, Love, and Fisher subjected Plaintiff to unconstitutional conditions of confinement by implementing a soy-based diet policy, in violation of the Eighth Amendment.

> **Count 4-** Bailey, Baldwin, Bates, Lashbrook, Love, and Fisher conspired together to violate Plaintiff's rights by implementing a soy-based and nutritionally inadequate diet policy.

Counts 1 and 4 shall de dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted. Count 2 shall proceed against defendants Bailey, Baldwin, Bates, Lashbrook, Love, and Fisher. Count 3 shall be dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, and on qualified immunity grounds. Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff describes several ongoing symptoms that indicate a need for medical attention and possible treatment, including extreme gas, bouts of constipation, a ripped/torn anus, severe stomach pains, and severe headaches. The Complaint thus arguably satisfies the objective component of an Eighth Amendment claim, whether or not these problems were in fact caused by the soy diet. The remaining question is whether any of the defendants acted or failed to act with deliberate indifference to a known risk of serious harm to Plaintiff from these symptoms.

With respect to Wexford Medical Sources, a corporate entity violates an inmate's constitutional rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Estate of Novack ex rel. v. Cnty. of Wood,* 226 F.3d 525, 530 (7th Cir. 2000) (citations omitted). "This liability is not founded on a theory of vicarious liability or *respondeat superior* that holds a municipality responsible for the misdeeds of its employees. Rather, a municipal policy or practice must be the 'direct cause' or 'moving force' behind the constitutional violation." *Id.* (internal citations omitted).

Plaintiff makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). For this reason, the claims in Count 1 against Wexford Medical Sources shall be dismissed without prejudice.

Bailey, Baldwin, Bates, Lashbrook, Love, and Fisher shall also be dismissed from Count 1. Nothing in the Complaint indicates these defendants had any involvement in Plaintiff's medical care (or lack thereof). Plaintiff does not claim to have contacted any of these individuals

to notify them that he was not being treated for his gastrointestinal symptoms.[1]  If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).  "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).  Because Plaintiff does not describe how these defendants would have had any knowledge of his serious medical complaints, he fails to state a claim against them for deliberate indifference to his health conditions.  The claims in Count 1 shall thus be dismissed without prejudice.

### **Count 2**

Under the Eighth Amendment, prison officials "must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).  While a prisoner is not entitled to the food of his choice, he might state a claim if he alleges facts tending to show that officials provided food that is "nutritionally deficient" or "well below nutritional value," depending on the circumstances. *Smith v. Dart* 803 F.3d 304, 312 (7th Cir. 2015).  Plaintiff alleges inmates at Pinckneyville receive a nutritionally inadequate diet.  (Doc. 1, pp. 6-8).  Specifically, Plaintiff asserts Defendants implemented a policy whereby inmates are served an inadequate breakfast and receive very little fresh fruit.  *Id.*  As a result, Plaintiff suffers from severe hunger pains and has grown weaker.  *Id.*  These allegations are sufficient to survive the preliminary screening stage.

---

[1] Plaintiff states generically that he filed a grievance in October 2015 and September 2016.  (Doc. 1, p. 7).  However, the grievance has not been filed with the Court and Plaintiff does not indicate the substance of the grievance.

*See Smith,* 803 F.3d at 312 (inmates allegation that food was "well below nutritional value" sufficient to survive motion to dismiss stage); *Antonelli v. Sheahan,* 81 F.3d 1422, 1432 (7th Cir.1996) (inmate's allegation of a "nutritionally deficient diet" sufficient to "state[] a claim for a violation of the Due Process Clause of the Eighth Amendment").

Therefore, Count 2 may proceed against Bailey, Baldwin, Bates, Lashbrook, Love, and Fisher. These defendants are senior level Pinckneyville staff and IDOC officials who may have had decision-making authority regarding the prison diet.

### Count 3

As to Plaintiff's Count 3**,** Plaintiff appears to claim certain defendants' decision to serve him a soy-based diet, in and of itself, violated the Eighth Amendment. This claim has no traction. A number of courts have rejected inmates' claims that this type of diet put them at a serious risk of harm. In *Harris v. Brown*, the court appointed both attorneys and experts for the plaintiffs, but ultimately concluded after reviewing the expert reports and noting the ubiquity of soy in the American diet that "society today simply does not see soy protein as a risk to the general population, much less a serious risk." No. 07-CV-3225, 2014 WL 4948229 at *4 (C.D. Ill. Sept. 30, 2014). The court granted summary judgment to the defendants, noting that even if it accepted the plaintiffs' expert opinions, they did not conclusively establish that soy protein created a risk, only that "the safety of soy is a topic of current debate and study." *Id*.

Other courts have come to the same conclusion, albeit on a less developed record. *See Riley-El v. Godinez*, No. 13-C-8656, 2015 WL 4572322 at *4 (N.D. Ill. July 27, 2015) ("[T]he alleged risks posed by consuming a soy-rich diet do not rise to the level of an Eighth Amendment violation."); *Munson v. Gaetz*, 957 F. Supp. 2d 951, 954 (S.D. Ill. 2013) (finding that defendants were entitled to qualified immunity because no court has found soy to be

harmful); *Smith v. Rector*, No. 13-cv-837, 2013 WL 5436371 (S.D. Ill. Sept. 30, 2013) (dismissing claim on vague allegations that prison meals contained too much soy); *Adams v. Talbor*, No. 12-2221, 2013 WL 5940630 (C.D. Ill. Nov. 6, 2013) (dismissing prisoner's claim that a soy-based diet caused him to experience stomach problems). The court in *Riley-El v. Godinez* took a particularly nuanced approach: they permitted plaintiff to proceed with his claim that he had a serious medical condition for which soy was contraindicated, but dismissed the claim regarding a soy diet as a condition of confinement. 2015 WL 4572322 at *4-5.

Considering this litigation, the facts alleged in Plaintiff's Complaint do not amount to a deprivation that is sufficiently serious so as to state an Eighth Amendment violation. To succeed in his claim, Plaintiff must demonstrate that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the conditions-of-confinement context, an inmate must satisfy both the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); s*ee also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). For the objective element, the condition must result in unquestioned and serious deprivations of basic human needs (such as food, medical care, sanitation, or physical safety) or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison–Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). The subjective component of a deliberate indifference claim is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

In the instant case, considering the relevant case law involving soy-based diets, Plaintiff's Complaint is devoid of allegations that would satisfy either element of an Eighth Amendment

8

claim based on the soy content in the prison food.

Alternatively, the Court finds defendants Bailey, Baldwin, Bates, Lashbrook, Love, and Fisher are entitled to qualified immunity on the alleged general health risks of consuming soy.[2] The Seventh Circuit has explained as follows with regard to the doctrine of qualified immunity:

> Generally, qualified immunity protects government agents from liability when their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. This involves two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation. Whether the defendants are entitled to qualified immunity will depend on what constitutional affronts the plaintiffs argue.

*Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906, 914 (7th Cir. 2011) (internal quotations and citations omitted). The Court is not aware of any case law finding that soy-based diets pose a serious risk to prisoners' health generally. Nor is the Court aware of case law holding that soy is nutritionally inadequate or that its inclusion in the prison diet violates the Constitution.[3] In fact, the Seventh Circuit specifically declined to hold that a soy-based diet violates the Constitution in at least one case. *Johnson v. Randle*, 619 F. App'x 552, 554 (7th Cir. 2015). The Court therefore finds that because no court has found a soy-based diet unconstitutional, the right is not clearly established and the defendants in this case are entitled to qualified immunity with respect to the claim that the inclusion of soy in the Pinckneyville diet

---

[2] Although qualified immunity is an affirmative defense, the burden of meeting the two part test rests on the plaintiff. *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995). The Supreme Court has emphasized the importance of resolving qualified immunity questions at the earliest stage possible of litigation. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The Seventh Circuit has also upheld dismissals on qualified immunity grounds in soy diet cases on a 12(b)(6) motion, which shares its standard with § 1915A. *See Doe v. Village of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015). The Court will dismiss on qualified immunity grounds where the facts of the complaint, taken as true, fail to allege the violation of a clearly established right.

[3] Though Plaintiff claims that "the Women of IDOC filed suit and won, they no longer receive soy-laden foods" (Doc. 1, p. 8), he does not provide the case number for this action, this Court is not familiar nor has it located the case to which Plaintiff refers, and it is unclear, given Plaintiff's statement, whether soy-laden foods were determined to be harmful or nutritionally inadequate in the context of that case. Given these facts, this Court does not consider the right to sue on account of a soy-based diet to be clearly established based on Plaintiff's assertion.

subjected Plaintiff to unconstitutional conditions of confinement.

For these reasons, Count 3 shall be dismissed without prejudice for failure to state a claim and on qualified immunity grounds.

## **Count 4**

Plaintiff asserts that Bailey, Baldwin, Bates, Lashbrook, Love, and Fisher conspired to adopt a policy to feed inmates a soy-based and nutritionally inadequate diet in order to violate Plaintiff's rights. (Doc. 1, p. 8). Plaintiff also states that these defendants "knew or should have known" that their actions would cause injury to him. *Id.* However, his conclusion that the diet policy amounted to an unlawful conspiracy is not supported by factual allegations.

Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).

The mere alleged fact that some of the defendants in this case had some involvement in making or carrying out the dietary policies does not establish a conspiracy. The Complaint contains no factual support for the idea that the policy to replace meat products in the prison diet with soy, serve a small breakfast, or seldom serve fruit was aimed solely at Plaintiff, or that the defendants had a meeting of the minds to harm Plaintiff (or any other prisoner). Instead,

Plaintiff's claim that the defendants engaged in a conspiracy to harm his health by adopting a soy-based, nutritionally inadequate diet rests solely on his own conclusions. The conclusory statements that the defendants "knew or should have known" that their actions could harm him, and that they acted "maliciously and intentionally" are examples. (Doc. 1, p. 8). Conclusory legal statements such as Plaintiff sets forth in his Complaint are insufficient to state a claim that survives review under § 1915A. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Furthermore, while Plaintiff may be convinced that consumption of soy is harmful to the general population, evidence proving this theory is shaky at best (see the discussion of Count 3), and not sufficient to show the defendants had knowledge that the prison diet would cause harm.

For these reasons, Count 4 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to **United States Magistrate Judge Williams** for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot. Waivers of service of summons will be issued and served on the remaining defendants as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any Complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **BAILEY, BALDWIN, LASHBROOK, FISHER, LOVE, and BATES.**

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and on qualified immunity grounds.

**IT IS FURTHER ORDERED** that **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **WEXFORD MEDICAL SOURCES** is **DISMISSED** from this action for failure to state a claim upon which relief may be granted.

With respect to **COUNT 2**, the Clerk of the Court shall prepare for defendants **BAILEY, BALDWIN, LASHBROOK, FISHER, LOVE, and BATES** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2),  this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to **United States Magistrate Judge Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed in forma pauperis has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 23, 2017**

s/ MICHAEL J. REAGAN

**Chief Judge**
**United States District Court**
